### EZEKIAL HEMING *vs.* JOSEPH BROWN.

Kent County, October Term, 1895.

**Execution. Testatum Fieri Facias.**—A *testatum fieri facias* may be issued without a previous writ after the lapse of five years without a *fieri facias* where it is issued for the purpose of extending the lien of a judgment from one county to another and not for the purpose of collecting a debt.

This was a rule to show cause why a *testatum fieri facias* from Kent County to Sussex County should not be set aside. Joseph Brown had judgment against Ezekial Heming, of record in Kent county, on which the *testatum fieri facias* was issued without any previous writ having been issued thereon within five years from the time when said judgment was due and payable.

*Jones and Cullen,* for the petitioner, contended that the writ of *testatum fieri facias* could not issue on the judgment entered in Kent county, no previous writ having been issued thereon within five years from the time when it fell due and became payable, and as the *testatum fieri facias* could not issue without the previous writ, it should be set aside.

*Boyce,* for the respondent, contended that inasmuch as the *testatum fieri facias* was taken out for the purpose of extending the lien of a judgment, from one county to another, and it being a constitutional provision for the extension of such a lien from one county to another, the law applicable to executions requiring a *scire facias* on a judgment after five years before an execution could issue, did not apply; that the writ in this case was only taken out for the purpose of transferring the lien of the judgment from one county to another, and that in such case a previous writ was not required to issue.

The Court held that the writ of *testatum fieri facias* could issue without a previous writ and after the lapse of five years, without a *scire facias* thereon, where it was taken out for the purpose of extending the lien of a judgment from one county to another and not for the purpose of collecting a debt.